John G. SHAW, Administrator of the Estate of Phillip G. Steele, Deceased, Appellant,

v.

UNITED STATES of America, Appellee.

No. 71–1412.

United States Court of Appeals, Fourth Circuit.

Oct. 7, 1971.

James C. MacRae, on the brief, for appellant.

L. Patrick Gray, III, Asst. Atty. Gen., Warren H. Coolidge, U. S. Atty., Morton Hollander, and Robert M. Feinson, Attys., Dept. of Justice, on the brief, for appellee.

Before HAYNSWORTH, Chief Judge, and SOBELOFF and BOREMAN, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant brought suit against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671 et seq. The district court granted summary judgment for the United States, and the plaintiff appeals from that order.

The decedent, Phillip B. Steele, a private in the United States Army, was confined, at the time of his death, in the post stockade at Fort Bragg, North Carolina, following his conviction by a special court martial for being absent without leave. On May 5, 1969, Private Steele and four other soldiers who were also confined in the post stockade were ordered by a sergeant to remove paint from the floor of a building with gasoline and an electric buffer. The gasoline caught fire and Private Steele was severely burned. He died two days later.

In Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950) it was held that:

> \* \* \* the Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service.

Appellant contends that since Private Steele was a military prisoner, he was not on military duty and hence *Feres* is not applicable. We find this contention to be without merit.

The court in *Feres* reasoned that since Congress had provided a uniform system of compensation for the injury or death of those in the armed forces and in view of the unique relationship of military personnel to their superiors and the Government, injuries to military personnel incurred while on military duty were not actionable under the Federal Tort Claims Act. *See also* Buckingham v. United States, 394 F.2d 483 (4th Cir. 1968). An examination of the record shows that Private Steele was working in a military building under the direction of military personnel. Even though he was confined to the stockade he was receiving military pay and allowances; he was entitled to medical care and; he was covered by the various Acts of Congress providing compensation for injuries or death of members of the armed forces.

At the time of his death, therefore, Private Steele was engaged in the performance of an assigned military task, and his status as a military prisoner did not affect his family's entitlement to

**1242**

death benefits. We perceive no meaningful distinction between his claim and the claims asserted in *Feres*.

We therefore, deem oral argument to be unnecessary and for the reasons stated above the judgment of the district court is affirmed.

Affirmed.