**Richard DEXHEIMER et al., Plaintiffs-Appellants,**

v.

**UNITED STATES of America et al., Defendants-Appellees.**

**No. 78–1096.**

United States Court of Appeals, Ninth Circuit.

Nov. 19, 1979.

J. Warren Beall, Oceanside, Cal., for plaintiffs-appellants.

Michael H. Walsh, U. S. Atty., Edward F. Kolker, Asst. U. S. Atty., San Diego, Cal., for defendants-appellees.

Before WALLACE and ANDERSON, Circuit Judges, and PALMIERI,* District Judge.

PALMIERI, District Judge:

Richard Dexheimer, a private in the United States Army, sued the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680, alleging that while confined to the United States Disciplinary Barracks at Fort Leavenworth, Kansas, he was physically and sexually assaulted by other inmates. The district court, relying on *Feres v. United States,* 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), granted summary judgment in favor of the United States, and Dexheimer appeals. We affirm the judgment of the district court.

Dexheimer's alleged injuries occurred while he was a serviceman and the case falls within the *Feres* holding that "the Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the

---

* The Honorable Edmund L. Palmieri, Senior United States District Judge for the Southern District of New York, sitting by designation.

course of activity incident to service." 340 U.S. at 146, 71 S.Ct. at 159.

Dexheimer was found guilty of theft at Fort Carson, Colorado, after a general court-martial on December 1, 1975, and was sentenced to 18 months imprisonment, forfeiture of pay, and a bad conduct discharge. Pending mandatory review by the Court of Military Review, which affirmed the sentence on April 23, 1976, Dexheimer was confined to the United States Disciplinary Barracks at Fort Leavenworth, Kansas.

After receiving an honorable discharge on October 1, 1976,[1] Dexheimer sued the United States under the Federal Tort Claims Act to recover damages arising out of negligence. Dexheimer alleged that sometime between December 16, 1975 and December 30, 1975, while confined to Fort Leavenworth pursuant to his sentence, he was physically and sexually assaulted by other inmates. The United States filed a motion to dismiss based on sovereign immunity, and the court entered a summary judgment of dismissal, based on its finding that at the time of the incidents in question Dexheimer was on active duty.[2]

The resolution of the issues in this appeal stems from the answers to two questions: 1) Was Dexheimer a member of the United States Army when the alleged assaults occurred? and 2) Were the alleged injuries sustained by Dexheimer while confined to the United States Disciplinary Barracks "incident" to his military service?

Dexheimer's status as a member of the United States Army at the time of the alleged assault is clear. In his complaint, he alleged that he was a member of the Army at the time of his injuries and the trial court made a specific finding of fact that Dexheimer had not been discharged at that time. We do not conclude that this finding of fact was clearly erroneous.[3] Fed. R.Civ.P. 52(a).

With regard to the second issue raised on appeal, Dexheimer has attempted to avoid the application of *Feres* by arguing that his status as a prisoner, not as a serviceman, should control his right to recover damages from the United States Government for injuries sustained during confinement in a federal prison. Nevertheless, the applicability of *Feres* and its Ninth Circuit progeny is clear.

In *Henninger v. United States*, 473 F.2d 814 (9th Cir.), *cert. denied*, 414 U.S. 819, 94 S.Ct. 43, 38 L.Ed.2d 51 (1973), this court construed *Feres* broadly:

> This is a classic situation where the drawing of a clear line is more important than being able to justify, in every conceivable case, the exact point at which it is drawn. This is especially so because servicemen injured incident to their service are entitled to Veterans' benefits. We hold that *Feres* absolutely bars Federal Tort Claims actions by servicemen injured 'while on active duty and not on furlough . . . due to the negligence of others in the armed forces.' (footnotes omitted) 473 F.2d at 816.

In *Uptegrove v. United States*, 600 F.2d 1248 (9th Cir. 1979), this court once again emphasized that we construe "activity incident to service" quite broadly. See also *Shaw v. United States*, 448 F.2d 1240 (4th Cir. 1971), where the court rejected the contention that *Feres* is inapplicable because of an injured party's status as a prisoner.

Recently, in *Troglia v. United States*, 602 F.2d 1334 (9th Cir. 1979), this court reviewed the application of *Feres* in the Ninth Circuit. Although in *Troglia* this

---

1. On May 28, 1976, the Army Clemency and Parole Board ordered that a general discharge be substituted for the bad conduct discharge. The Judge Advocate General had previously remitted the unexecuted portion of Dexheimer's sentence to confinement.

2. The Government's motion was treated as one for summary judgment because the court considered certain certified copies of Dexheimer's military personnel records in making its findings of fact.

3. In light of this, *Witt v. United States*, 462 F.2d 1261 (2d Cir. 1972), cited by Dexheimer in support of his case, is inapposite, as Witt had been discharged from duty before being injured.

court reversed the grant of summary judgment in favor of the United States on the ground that more facts were necessary to determine the plaintiff's status at the time of the injury and the activity in which he was then engaged, the injury in that case took place outside the confines of property under the control of the Army. This court explicitly contrasted *Troglia* with cases that fall "on the other side of the line of *Henninger v. United States . . . ." Id.* at 1340, quoting *Mills v. Tucker*, 499 F.2d 866 (9th Cir. 1974). Dexheimer's case falls on the other side of that line, as his alleged injuries stemmed from the military service relationship between the parties.

The trial judge properly held that Dexheimer's alleged injuries occurred while he was a serviceman and in the course of activity incident to service. The *Feres* doctrine bars the appellant's Federal Tort Claims Act action.

Affirmed.