**Jane J. SMITH, Executrix of the Estate of Michael J. Smith, Plaintiff–Appellant,**

**v.**

**UNITED STATES of America, Lawrence B. Mulloy, Defendants–Appellees.**

No. 88–3177.

United States Court of Appeals, Eleventh Circuit.

July 11, 1989.

W.F. Maready, Petree, Stockton & Robinson, G. Gray Wilson, Winston–Salem, N.C., for Jane J. Smith.

Gary W. Allen, Torts Branch/Civ. Div., U.S. Dept. of Justice, Washington, D.C., John W. Adler, Adler, Kaplan & Begy, Michael McQillen, Catherine Tinker, Chicago, Ill., for defendants-appellees.

Gary W. Takacs, Asst. U.S. Atty., Tampa, Fla., for U.S.

Before RONEY, Chief Judge, COX, Circuit Judge and MORGAN, Senior Circuit Judge.

RONEY, Chief Judge:

Navy Commander Michael J. Smith was one of the crew members killed aboard the space shuttle Challenger when it exploded about 74 seconds after its launch on January 28, 1986. In this negligence action, Jane J. Smith, as executrix of her husband's estate, sued the United States and Lawrence B. Mulloy, the Manager of the National Aeronautics and Space Adminis-

tration's [NASA] Rocket Booster Program at Marshall Space Flight Center, for damages and injunctive relief. The plaintiffs initially sued, but have now settled with the manufacturer. The district court, relying on *Feres v. United States,* 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950) and its progeny, granted the Government's motion to dismiss the claims against the Government and the individual defendant. For the purpose of the motion to dismiss, it was assumed the complaint accurately alleges that the accident was caused by the failure of the aft field joint on the right-hand solid rocket motor. We affirm.

■ As for plaintiff's claims against the United States, we affirm on the basis of the well-reasoned opinion of the district court in *Smith v. Morton Thiokol,* (M.D. Fla.1988), 712 F.Supp. 893 (N.D.Fla.1988). Although plaintiff argued on appeal that the district court erred in failing to grant her discovery against the United States, since it is clear from the face of the complaint that this action is barred, there was no reversible error in prohibiting plaintiff from discovery against the United States.

■ In a subsequent order, the district court granted the motion to dismiss for lack of jurisdiction the claim against defendant Lawrence B. Mulloy, a civilian employee of NASA, a Government agency. Without discussion, the court held that the *Feres* doctrine bars suit on a state law tort claim against civilian government employees when injury to a person in military service occurs during activity incident to military duty, *citing Jaffee v. United States,* 663 F.2d 1226 (3d Cir.1981), *cert. denied,* 456 U.S. 972, 102 S.Ct. 2234, 72 L.Ed.2d 845 (1982), and *Uptegrove v. United States,* 600 F.2d 1248 (9th Cir.1979), *cert. denied,* 444 U.S. 1044, 100 S.Ct. 732, 62 L.Ed.2d 730 (1980).

Even though *Feres* addressed the issue of sovereign immunity, courts, relying on the same policy reasons that bar suit against the Government for tort claims arising out of military service, have applied the *Feres* doctrine to immunize military defendants in their individual capacities. The Supreme Court has relied on *Feres* to bar claims of constitutional violations raised under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed. 2d 619 (1971) against individual defendants, both military,[1] and civilian.[2]

The Circuit courts have held that state law claims as well as federal law claims are so barred, both as to military employees,[3] and as to civilian employees.[4] It is of no consequence that plaintiff seeks recovery not only on behalf of Smith's estate but on behalf of herself and the three minor children.[5] We follow these cases which emphasize the activity in which the plaintiff was involved, an activity "incident to service," as the controlling factor, not the status of the tortfeasor. Thus, the district court properly held that there was a lack of subject matter jurisdiction over the claims against defendant Mulloy.

Subsequent to the district court's order in this case, Congress passed legislation that provides an additional reason for dis-

---

1. *Chappell v. Wallace,* 462 U.S. 296, 103 S.Ct. 2362, 76 L.Ed.2d 586 (1983).

2. *United States v. Stanley,* 483 U.S. 669, 107 S.Ct. 3054, 97 L.Ed.2d 550 (1987).

3. *Mattos v. United States,* 412 F.2d 793, 794 (9th Cir.1969) (parents of deceased soldier barred from suing fellow servicemember); *Bailey v. DeQuevedo,* 375 F.2d 72, 74 (3d Cir.1966) (medical malpractice suit against army physician brought under state law barred), *cert. denied,* 389 U.S. 923, 88 S.Ct. 247, 19 L.Ed.2d 274 (1967).

4. *Jaffee v. United States,* 663 F.2d 1226, 1234–35 (3d Cir.1981) (en banc) (suit barred against Government officials for intentional torts), *cert. denied,* 456 U.S. 972, 102 S.Ct. 2234, 72 L.Ed.2d 845 (1982); *Uptegrove v. United States,* 600 F.2d 1248, 1250–51 (9th Cir.1979) (negligence action against civilian FAA Air Traffic Controllers prohibited), *cert. denied,* 444 U.S. 1044, 100 S.Ct. 732, 62 L.Ed.2d 730 (1980); *Hass v. United States,* 518 F.2d 1138, 1143 (4th Cir.1975) (negligence suit against civilian stable employees of the Marines barred).

5. *See Martinez v. Schrock,* 537 F.2d 765 (3rd Cir.1976) (army surgeon immune from suit brought by representative of deceased's estate under both a survival and wrongful death claim), *cert. denied,* 430 U.S. 920, 97 S.Ct. 1339, 51 L.Ed.2d 600 (1977).

missing plaintiff's claims against Mulloy. On November 18, 1988, Congress passed the Federal Employees Liability Reform and Tort Compensation Act of 1988, Pub.L. No. 100–694, 102 Stat. 4563. The new law, which is retroactive, provides that the exclusive remedy for individuals allegedly harmed by common law torts committed by Government employees acting within the scope of their employment is through an action against the United States under the FTCA. This new legislation apparently would apply to this case, foreclosing plaintiff's suit against Mulloy in his individual capacity.

AFFIRMED.