**Jon P. BIELEMA, Plaintiff,**

v.

**Jennifer BIESTER, Economy Preferred Insurance Company, and Chicago Motor Club Insurance Co., Defendants.**

No. 94 C 5360.

United States District Court,
N.D. Illinois,
Eastern Division.

March 15, 1995.

Walter Kilgus, Nelson, Kilgus, Richey & Tusek, Morrison, IL, Barbara Naretto Petrungaro, Kevin T. Martin, Swanson, Martin & Bell, Chicago, IL, for plaintiff. Asst. U.S. Atty., Chicago, IL, for Jennifer Biester.

Norton Wasserman, Orner & Wasserman, Ltd., Chicago, IL, for Economy Preferred Ins. Co.

David John Santori, Chicago, IL, for Chicago Motor Club Ins. Co.

## MEMORANDUM OPINION AND ORDER

CASTILLO, District Judge.

This case involves a motor vehicle accident which occurred on July 11, 1992 on the grounds of Ft. McCoy, Wisconsin. On the date of the accident plaintiff Jon P. Bielema ("Sgt. Bielema") was on active duty as a member of military reserves of the United States Department of Army. At the time of the accident Sgt. Bielema had received verbal permission from his superior officer to use his private vehicle to transport some of his fellow soldiers to dinner. Thereafter, Sgt. Bielema was involved in a collision with defendant Jennifer Biester, a specialist in the United States army driving a United States Government vehicle.

The defendant United States, which seeks substitution as a party defendant, has removed this previously filed state case to the federal court harbor for the express purpose of sinking it. The government, invoking the doctrine set forth in *Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950) seeks to have this case dismissed based on its claim that this accident was incidental to Bielema's military service.

In *Feres,* the Supreme Court held that members of the armed forces could not recover damages for those injuries arising out of or which are sustained in the course of activity incidental to their military service. *See Stephenson v. Stone,* 21 F.3d 159, 162 (7th Cir.1994). The Seventh Circuit Court of Appeals has strictly enforced the *Feres* doctrine recognizing that the doctrine: (1) protects the distinctive federal relationship between the government and the armed forces, which may be undermined by idiosyncrasies between the individual states' distinctive tort laws; (2) promotes the existence of other statutory systems of compensation for service-members; and (3) promotes military discipline and effectiveness. *See Duffy v. United States,* 966 F.2d 307, 312 (7th Cir.1992); *M.M.H. v. United States,* 966 F.2d 285, 287 (7th Cir.1992).

■ The dispositive *Feres* inquiry remains whether the service-member stood in such a relationship to the military at the time of his injury that the circumstances giving rise to his injury arose out of activity incident to military service. *Duffy,* 966 F.2d at 312.

■ In the present case, from July 11, 1992, the day of the subject collision, through July 25, 1992, Sgt. Bielema was on active duty as a member of the United States Army, 86th Reserve Command, and was stationed at Fort McCoy, Wisconsin. In fact, plaintiff's own complaint alleges that both Sgt. Bielema and defendant Biester were on active duty at the time of the accident. (Plaintiff's Complaint, Paragraph 3). Thus, this Court finds that on the day Sgt. Bielema sustained the injury which he seeks damages for he was on active duty in the Armed Forces and subject to military discipline and therefore subject to the *Feres* bar. See *Shaw v. United States,* 854 F.2d 360 (10th Cir.1988) (*Feres* doctrine applied to bar plaintiff's personal injury lawsuit stemming from an accident where plaintiff, an active-duty Army officer who had been relieved from duty the previous day and had obtained permission to leave the post and attend to his personal affairs, was struck by an army truck operated by a serviceman while driving his personal vehicle on a military post).

The Court finds that Sgt. Bielema's assertion that he had been released from duty for the day before the accident to be irrelevant. There is no question that Sgt. Bielema was on active duty and that he could have been called back to a specific duty assignment at any time during the date of the accident. Moreover, the Seventh Circuit has expressly applied the *Feres* bar to incidents occurring on a military base after active duty military personnel had retired for the night. *See* e.g., *Stephenson,* 21 F.3d at 163 (plaintiff's decedent killed in early morning at barracks). In fact, the *Feres* case itself involved a decedent who died as a result of a fire in the barracks.

The cases relied upon by Sgt. Bielema are readily distinguishable from the facts of this case. The courts in *Durant v. Neneman,* 884 F.2d 1350 (10th Cir.1989), *cert. denied,* 493 U.S. 1024, 110 S.Ct. 728, 107 L.Ed.2d 747 (1990) and *Lutz v. Secretary of the Air Force,* 944 F.2d 1477, 1485 (9th Cir.1991) both focused on the defendants actions and determined that they were not incident to military service. In this case, it is undisputed that defendant Biester was driving a military vehicle within the scope of her employment. In fact, pursuant to the provisions of 28 U.S.C. § 2679, the Department of Justice has found and certified that defendant Biester was acting within the scope of her employment as an employee of the United States at the time of the accident. Plaintiff's reliance on *Parker v. United States,* 611 F.2d 1007 (5th Cir.) *reh'g den.,* 615 F.2d 919 (1980), is also unavailing. In that case, unlike here, plaintiff was a servicemember who was involved in an accident on base *after* commencing a four-day leave for personal business.

The undisputed facts in this case are that all the parties involved in this accident were on active military duty when this accident occurred at Ft. McCoy. The inescapable conclusion is that Sgt. Bielema's activities were incident to his military service when the accident occurred. Therefore, the plaintiff can not avoid the application of the *Feres* doctrine.

The Court expressly finds that barring plaintiff's lawsuit would protect the distinct federal relationship between the government and the military from the idiosyncrasies of

Wisconsin law, which would apply under the Federal Torts Claims Act. The application of the *Feres* doctrine here would also be consistent with the three-fold goals of the *Feres* doctrine.

Since this Court finds that plaintiff's action is properly brought under the Federal Torts Claims Act, this Court additionally finds that plaintiff's complaint must be dismissed for lack of subject matter jurisdiction because the plaintiff failed to properly exhaust his administrative remedies. 28 U.S.C. § 2675.

The Court is sympathetic to Sgt. Bielema's plight. However, this case is far from the sometimes extreme results that flow from the application or the *Feres* doctrine. Most of these cases involve persons who have been killed and whose estates can not recover any damages. *See e.g. Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950) (decedent died when a fire destroyed the barracks which he was occupying while on active duty); *Stephenson*, 21 F.3d 159 (7th Cir.1994) (decedent killed by fellow servicemember in barracks during early morning); *Smith v. Morton Thiokol, Inc.*, 712 F.Supp. 893 (M.D.Fla.1988) *aff'd by* 877 F.2d 40 (11th Cir.1989), *cert. denied*, 493 U.S. 1069, 110 S.Ct. 1111, 107 L.Ed.2d 1018 (1990) (astronaut killed aboard the Challenger space shuttle). These extreme cases may be evidence of a need for further legislative reform. However, in this case the plaintiff may have administrative remedies for his injuries through the Veterans' Benefits Act, 38 U.S.C. § 321.

### CONCLUSION

For the above-stated reasons, this Court hereby grants the United States' Motion To Substitute as a Defendant and hereby grants the United States' Motion To Dismiss Plaintiff's complaint. This order, which also moots the pending insurance coverage dispute which is the subject of a counterclaim, shall constitute a final order pursuant to Fed.R.Civ.P. 58.