Charles H. SARGENT, Plaintiff,

v.

UNITED STATES of America,
et al., Defendants.

No. 93–3282–RDR.

United States District Court,
D. Kansas.

Aug. 30, 1995.

Charles H. Sargent, Rutland, VT, pro se.

Christina L. Morris, Office of United States Attorney, Kansas City, KS, for defendants.

### MEMORANDUM AND ORDER

ROGERS, Senior District Judge.

Plaintiff brought this action seeking damages for allegedly negligent medical treatment against the United States and military personnel alleging jurisdiction under the federal question statute, 28 U.S.C. § 1331; the Federal Tort Claims Act (FTCA) 28 U.S.C. §§ 1346(b), 2671 et seq.; and *Bivens*. Defendants have filed a motion to dismiss for lack of subject matter jurisdiction based upon the doctrine established in *Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950). Having examined all the materials filed together with the relevant legal authority, the Court makes the following findings and order.

According to the facts alleged in the complaint and uncontroverted in defendants' motion to dismiss, Sargent was convicted by general court-martial on January 4, 1989, of conspiracy to commit larceny and received a bad conduct discharge, reduction to the lowest enlisted grade and a sentence of confinement for two years. On August 29, 1989, Sargent was convicted of rape, sodomy and communicating a threat and received a dishonorable discharge and a ten year sentence imposed by general court-martial.

On October 2, 1990, while plaintiff was serving his sentences in the United States Disciplinary Barracks at Fort Leavenworth, Kansas (USDB), he drove a heel nail into his middle finger while working on a pair of shoes on assigned detail in the USDB Shoe Shop. The nail was removed from plaintiff's finger at the USDB medical clinic, and the wound was injected with Betadine antiseptic. Complications immediately developed, an op-

eration to drain the fluid and Betadine solution was conducted the next day at Munson Army Hospital and four days later, after plaintiff developed gangrene, the finger was surgically removed at the army hospital.

The United States Court of Military Appeals upheld both of Sargent's convictions on April 16, 1992. Shortly after this completion of judicial review, orders for plaintiff's discharge were executed. Pursuant to the provisions of the UCMJ, 10 U.S.C. § 871(c)(1), Plaintiff's dishonorable discharge was not officially executed until March 5, 1993.

Plaintiff timely filed a Standard Form 95 claim in the amount of $500,000, exhausting administrative remedies.

The *Feres* doctrine as applied to an FTCA claim was explained in *Shaw v. United States,* 854 F.2d 360 (10th Cir.1988):

It is well settled that the United States may not be sued without its consent. *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976) (quoting *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941)); *accord United States v. Mitchell,* 463 U.S. 206, 212, 103 S.Ct. 2961, 2965, 77 L.Ed.2d 580 (1983); *LaBash v. United States Department of the Army,* 668 F.2d 1153, 1154 (10th Cir.), *cert. denied,* 456 U.S. 1008, 102 S.Ct. 2299, 73 L.Ed.2d 1303 (1982). However, the FTCA waives the United States' sovereign immunity in actions arising out of tortious conduct by governmental employees who are acting within the scope of their office or employment, under circumstances in which the United States, if a private person, would be liable to the plaintiff under the law of the place where the tortious act occurred. *See, e.g.,* 28 U.S.C. §§ 1346(b), 2674 (1982). The scope of this waiver is limited by exceptions contained in the FTCA itself and by judicial interpretation and application of the FTCA. In *Feres v. United States,* 340 U.S. 135, 146, 71 S.Ct. 153, 159, 95 L.Ed. 152 (1950), the United States Supreme Court decided that the FTCA does not waive the United States' immunity from liability "for injuries to servicemen where the injuries arise out of or are in the course of activity incident to

service." *Accord United States v. Johnson,* 481 U.S. 681, 685–88, 107 S.Ct. 2063, 2066–67, 95 L.Ed.2d 648 (1987) (Feres doctrine bars "all suits on behalf of service members against the Government based upon service-related injuries"); *see also United States v. Stanley,* 483 U.S. 669, 670, 107 S.Ct. 3054, 3057, 97 L.Ed.2d 550 (1987); *Madsen v. United States ex rel. United States Army,* 841 F.2d 1011, 1012 (10th Cir.1987); *Martelon v. Temple,* 747 F.2d 1348, 1351 (10th Cir.1984), *cert. denied,* 471 U.S. 1135, 105 S.Ct. 2675, 86 L.Ed.2d 694 (1985); *LaBash,* 668 F.2d at 1154. This judicially created exception is informally known as the Feres doctrine. *Atkinson v. United States,* 825 F.2d 202, 204 (9th Cir.1987), *cert. denied,* 485 U.S. 987, 108 S.Ct. 1288, 99 L.Ed.2d 499 (1988).

This question of whether the *Feres* doctrine bars this lawsuit turns on the resolution of two issues: (1) was Sargent a member of the military at the time the allegedly negligent treatment occurred, and (2) was the medical treatment he received while confined as a military prisoner "incident to service" within the meaning of the Feres Doctrine. *See Madsen v. United States ex rel. U.S. Army Corps of Engineers,* 841 F.2d 1011, at 1012 (10th Cir.1987). If so, Sargent's damages action is barred and this court is without jurisdiction to hear his damages claim.

Plaintiff contends that his enlistment expired on December 16, 1989 terminating pay and allowances while he was confined serving the court-martial sentences, and that his career ended with his court-martial, so that he was not on military duty when the injury and treatment occurred and hence *Feres* is not applicable. He further argues that he was not performing a military task or furthering his military career in repairing shoes at the USDB so that the injury and treatment were not "incident to service" within the meaning of *Feres.*

◼ The two issues raised in this case appear to be governed by the reasoning in *Walden v. Bartlett,* 840 F.2d 771 (10th Cir. 1988). First, under the reasoning in *Walden,* this court finds that being a military prisoner does not preclude a finding that plaintiff's

status was that of a military service member, but instead is evidence of such status. The court in *Walden* noted that Walden attempted to place himself outside the ambit of *Feres* by arguing that at the time of the alleged unconstitutional acts, his status was solely that of a federal prisoner and not a military service member. The Court rejected this argument as "disingenuous," and reasoned:

> The acts which Walden complains of in this action occurred after the military court-martial but before his discharge was officially executed. When the disciplinary proceedings took place, Walden was a military prisoner serving a sentence for a military offense of which he had been convicted. The Supreme Court has rejected the argument that service members sentenced by court-martial cease to be soldiers and are no longer subject to military law. (Cites omitted). Therefore, having been sentenced, Walden's status was that of a military prisoner, subject to the Feres doctrine.

▮ Plaintiff in the instant case complains of actions which occurred after the military court-martial but before his discharge was officially executed. He too was a military prisoner serving a sentence for a military offense of which he had been convicted. Thus, the court finds that plaintiff's status as a military prisoner did render him subject to the *Feres* doctrine. *See also Dexheimer v. United States*, 608 F.2d 765 (9th Cir.1979) (claim of assault while confined at disciplinary barracks barred); *Shaw v. United States*, 448 F.2d 1240 (4th Cir.1971) (claim of death occurring while confined to post stockade barred).

▮ Furthermore, the second issue is resolved by the reasoning in *Walden.* There, the court found that the challenged disciplinary proceedings were "incident to service" as follows:

> At the time of challenged proceedings, Walden was an active-duty service member assigned to a military institution commanded and operated by military personnel according to military policies and regulations. He remained subject to the Uniform Code of Military Justice and could be tried by court-martial for offenses while incarcerat-

ed at the USDB. 10 U.S.C. § 802(a)(7). Walden's incarceration at the USDB is uniquely part of this military relationship such that it is "incident" to his military service as established by Feres.

It has also repeatedly been held that an active duty service member injured while receiving medical treatment at a military facility is generally deemed to be injured incident to military service. *See Madsen,* 841 F.2d at 1013; *Appelhans, Jr. v. United States,* 877 F.2d 309 (4th Cir.1989); *Kendrick v. United States,* 877 F.2d 1201 (4th Cir.1989) and cases cited therein at 1205. *See also Quintana v. United States,* 997 F.2d 711 (10th Cir.1993) ("incident to service" test satisfied in reserve status case).

Under the reasoning stated in *Walden,* the Feres doctrine bars this suit for damages whether jurisdiction is alleged under the FTCA, Bivens or based upon constitutional violations by military officials, 840 F.2d at 773. Accordingly, the court concludes that plaintiff is barred from bringing this damages action.

IT IS THEREFORE BY THE COURT ORDERED THAT defendants' motion to dismiss for lack of jurisdiction be granted and that this action be dismissed and all relief denied.