Tommie WHAYNE, Plaintiff,

v.

CITY OF TOPEKA; Food 4 Less; Human Relations Commission; Shawnee County District Court; Dillons Stores; and United States Post Office, Defendants.

Civil Action No. 96–4068–DES.

United States District Court,
D. Kansas.

March 10, 1997.

Tommie Dorsey Whayne, Topeka, KS, pro se.

David D. Plinsky, Office of City Attorney, City of Topeka, KS, for City of Topeka.

Jay C. Hinkel, Irwin, Clutter, Severson & Hinkel, L.L.P., Topeka, KS, for Food 4 Less, Eastboro.

Christopher F. Burger, Office of Atty. Gen., Topeka, KS, Richard V. Eckert, Office of the County Counselor, Shawnee County, KS, Topeka, KS, for Shawnee County District Court, Division 3.

Gerald L. Green, Matthew L. Bretz, Gilliland & Hayes, P.A., Hutchinson, KS, for Dillons Stores, Store # 28.

Melanie D. Caro, Office of U.S. Atty., Kansas City, KS, for U.S. Postal Service.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendant Food 4 Less's Motion to Dismiss (Doc. 45) the plaintiff's complaint pursuant to Fed. R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. For the reasons set forth below, defendant's motion's granted.

### I. BACKGROUND

The following facts are uncontroverted or, where controverted, construed in a manner most favorable to the plaintiff as the non-moving party.

Defendant Food 4 Less is one of a number of retail food outlets owned and operated by Falley's, Inc., a Kansas corporation. Falley's, Inc. has not been named as a party to this action.

On January 2, 1996, plaintiff Tommie Whayne was shopping for groceries at defendant's retail food · store. Sometime before Mr. Whayne had completed his business, the store manager asked Mr. Whayne to leave the premises and informed Mr. Whayne that he was "banned from shopping at [that] store." Although a police officer arrived at the scene, it is unclear what role, if any, the officer played. According to Mr. Whayne, the store manager did not give any reason for "banning" him from the store. Mr Whayne maintains that he is still wrongfully excluded from the defendant Food 4 Less store.

### II. 12(b)(1) MOTION TO DISMISS STANDARDS

■ Federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so. *Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir.1994). "A court lacking jurisdiction must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Scheideman v. Shawnee County Bd. of County Comm'rs*, 895 F.Supp. 279, 280 (D.Kan.1995) (citing *Basso v. Utah Power and Light Co.*, 495 F.2d 906, 909 (10th Cir.1974)); Fed.R.Civ.P. 12(h)(3). The party seeking to invoke a fed-

eral court's jurisdiction sustains the burden of establishing that such jurisdiction is proper. *Id.* When federal jurisdiction is challenged, the plaintiff bears the burden of showing why the case should not be dismissed. *Jensen v. Johnson County Youth Baseball*, 838 F.Supp. 1437, 1439–40 (D.Kan. 1993). Challenges to the court's jurisdiction under Fed.R.Civ.P. 12(b)(1) generally take two forms: facial attacks on the sufficiency of jurisdictional allegations or factual attacks on the accuracy of those allegations. *Holt v. U.S.*, 46 F.3d 1000, 1002–3 (10th Cir.1995). The defendant here limits its motion to a facial challenge to the sufficiency of plaintiff's complaint. In reviewing a facial challenge to the complaint, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Id.*

### III. DISCUSSION

Mr. Whayne states no basis for federal jurisdiction in his complaint. However, because Mr. Whayne is proceeding pro se, the court will evaluate his claim to determine whether the court in fact has subject matter jurisdiction over his claim. Federal subject matter jurisdiction may arise under 28 U.S.C. § 1331, commonly known as "federal question" jurisdiction. It may also arise under 28 U.S.C. § 1332, which confers jurisdiction upon the district court to decide claims between citizens of different states.

■ The court will first determine whether "federal question" jurisdiction exists. 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." A case "arises under" federal law for 28 U.S.C. § 1331 purposes only when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief depends on resolution of a substantial question of federal law." *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir.1994) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28, 103 S.Ct. 2841, 2855–56, 77 L.Ed.2d 420, (1983)). "Thus, a district court may exercise jurisdiction when the cause of action

is created by federal law or turns on a substantial question of federal law." *Id.*

In this case, Mr. Whayne brings his claim pursuant to the Federal Tort Claims Act ("FTCA"). The FTCA waives, under certain conditions, "the United States" sovereign immunity in actions arising out of tortious conduct by governmental employees who are acting within the scope of their office or employment. . . . *Sargent v. United States*, 897 F.Supp. 524, 525 (D.Kan.1995). Although the district court does have federal question jurisdiction to decide claims properly related to the FTCA, Mr. Whayne has provided no facts to support any allegation that Food 4 Less or any of its employees are federal employees subject to the FTCA. As such, Mr. Whayne's claim is not properly brought under the FTCA.

Mr. Whayne also fails to allege any facts that would support a federal law discrimination claim. Although in his complaint Mr. Whayne refers to "public accommodations" and "public services" he alleges no discriminatory treatment based on race or other classification. In fact, as defendant points out, during the scheduling conference on October 24, 1996, Mr. Whayne stated that neither his race nor his minority status played any part in the claims raised in this lawsuit.

Even with some measure of charitable interpretation, the court finds that Mr. Whayne's allegations do not state a federally-created cause of action. Nor can the court imagine any potential state-law cause of action which would turn on the construction of a federal law. Accordingly, the court may not exercise "federal question" jurisdiction pursuant to 28 U.S.C. § 1331.

The court next examines whether to exercise jurisdiction based on diversity of citizenship. 28 U.S.C. § 1332(a)(1) grants federal district courts "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs, and is between . . . citizens of different States." However, diversity jurisdiction is not available when any plaintiff is a citizen of the same state as any defendant. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374, 98 S.Ct. 2396, 2402–03, 57 L.Ed.2d 274 (1978). Instead, 28 U.S.C. § 1332(a)(1) requires "complete diversity." This means that all parties on one side of the litigation must be of a different citizenship from all parties on the other side of the litigation. *Depex Reina 9 Partnership v. Texas Int'l Petroleum*, 897 F.2d 461, 463 (10th Cir.1990). In the case of corporations, the corporation is a citizen of "any State by which it has been incorporated. . . ." 28 U.S.C. § 1332(c). In the present case, plaintiff Tommie Whayne and defendant Food 4 Less are both citizens of Kansas. Complete diversity is therefore absent and diversity jurisdiction does not exist.

The court also notes Mr. Whayne's failure to allege an administrative tort claim was filed and denied. This failure to exhaust his administrative remedies also precludes the court from considering Mr. Whayne's claim. *See Kendall v. Watkins*, 998 F.2d 848 (10th Cir.1993) ("[U]nless plaintiff first presented her claims to the proper federal agency and that agency finally denied them, the district court would not have had jurisdiction over plaintiff's FTCA claims.")

**IT IS THEREFORE BY THE COURT ORDERED** that defendant Food 4 Less's Motion to Dismiss (Doc. 45) is granted.

**IT IS FURTHER ORDERED** that defendant Food 4 Less's initial Motion to Dismiss (Doc. 2) is denied as moot.

**IT IS FURTHER ORDERED** that all of plaintiff's outstanding motions in this matter regarding defendant Food 4 Less are denied as moot.