Tommie WHAYNE, Plaintiff,

v.

SOCIAL SECURITY ADMINISTRATION,
Defendant.

Civil Action No. 96–4083–DES.

United States District Court,
D. Kansas.

March 10, 1997.

Tommie Dorsey Whayne, Topeka, KS, pro se.

Melanie D. Caro, Office of U.S. Atty., Kansas City, KS, for defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendant Social Security Administration's Motion to Dismiss (Doc. 2) the plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction and Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons set forth below, defendant's motion is granted.

## I. BACKGROUND

The Social Security Administration ("SSA") awarded plaintiff Tommie Whayne disability benefits commencing September 1993 and SSI benefits commencing September 1994. Effective April 1996, Mr. Whayne's social security benefits were garnished in the amount of $200 per month in order to pay child support. He continues to receive $229 per month in benefits after garnishment.

Mr. Whayne, a pro se litigant, seeks redress for alleged damages incurred from the garnishment of his social security benefits. Specifically, Mr. Whayne contends the SSA committed theft, grand larceny, embezzlement, fraud, and "collusion and conspiracy to commit such crimes" under false pretenses. Mr. Whayne cites the Federal Tort Claims Act as the basis for his claim. He requests $500,000 in damages and further requests his benefits be "properly process[ed]."

## II. 12(b)(1) MOTION TO DISMISS STANDARDS

Federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so. *Castaneda v. INS,* 23 F.3d 1576, 1580 (10th Cir.1994). "A court lacking jurisdiction must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Scheideman v. Shawnee County Bd. of County Comm'rs,* 895 F.Supp. 279, 280 (D.Kan.1995)(citing *Basso v. Utah Power and Light Co.,* 495 F.2d 906, 909 (10th Cir.1974)); Fed.R.Civ.P. 12(h)(3). The party seeking to invoke a federal court's jurisdiction sustains the burden

of establishing that such jurisdiction is proper. *Id.* When federal jurisdiction is challenged, the plaintiff bears the burden of showing why the case should not be dismissed. *Jensen v. Johnson County Youth Baseball,* 838 F.Supp. 1437, 1439–40 (D.Kan. 1993). Challenges to the court's jurisdiction under Fed.R.Civ.P. 12(b)(1) generally take two forms: facial attacks on the sufficiency of jurisdictional allegations or factual attacks on the accuracy of those allegations. *Holt v. U.S.,* 46 F.3d 1000, 1002–3 (10th Cir.1995). The defendant here limits its motion to a facial challenge to the sufficiency of plaintiff's complaint. In reviewing a facial challenge to the complaint, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Id.*

## III. DISCUSSION

█ The United States may only be sued if it consents. *United States v. Dalm,* 494 U.S. 596, 608, 110 S.Ct. 1361, 1368, 108 L.Ed.2d 548 (1990). "Such a waiver of sovereign immunity must be strictly construed in favor of the sovereign and may not be extended beyond the explicit language of the statute." *Fostvedt v. United States,* 978 F.2d 1201, 1202 (10th Cir.1992), *cert. denied,* 507 U.S. 988, 113 S.Ct. 1589, 123 L.Ed.2d 155 (1993). In this case, Mr. Whayne brings his claim pursuant to the Federal Tort Claims Act ("FTCA"), which provides jurisdiction in federal court over civil actions on claims against the United States. *See, e.g.,* 28 U.S.C. §§ 1346(b), 2674 (1982). The FTCA waives, under certain conditions, "the United States' sovereign immunity in actions arising out of tortious conduct by governmental employees who are acting within the scope of their office or employment...." *Sargent v. United States,* 897 F.Supp. 524, 525 (D.Kan. 1995). However, this broad waiver of sovereign immunity is limited by several exceptions, including 28 U.S.C. § 2675(a) which provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or

employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a).

█ Compliance with 28 U.S.C. § 2675(a) "is a jurisdictional prerequisite to suit, imposed by Congress, which the courts have no power to waive." *Industrial Constructors Corporation v. United States Bureau of Reclamation,* 15 F.3d 963, 967 (10th Cir.1994) (citing *Nero v. Cherokee Nation of Oklahoma,* 892 F.2d 1457, 1463 (10th Cir. 1989)); *see also, Bradley v. United States,* 951 F.2d 268, 270 (10th Cir.1991). Here, Mr. Whayne fails to allege an administrative tort claim was filed and denied. This failure to exhaust his administrative remedies precludes the court from considering Mr. Whayne's claim for lack of subject matter jurisdiction. *See Kendall v. Watkins,* 998 F.2d 848 (10th Cir.1993) ("[U]nless plaintiff first presented her claims to the proper federal agency and that agency finally denied them, the district court would not have had jurisdiction over plaintiff's FTCA claims.")

**IT IS THEREFORE BY THE COURT ORDERED** that defendant Social Security Administration's Motion to Dismiss (Doc. 2) is granted.

**IT IS FURTHER ORDERED** that all of plaintiff's outstanding motions in this matter regarding defendant Social Security Administration are denied as moot.