Frank Nitty WALDEN, II,
Plaintiff–Appellant,

v.

Gerald T. BARTLETT, et al.,
Defendants–Appellees.

No. 86–2475.

United States Court of Appeals,
Tenth Circuit.

March 1, 1988.

David J. Gottlieb, Lawrence, Kan., Green Hall, University of Kansas School of Law, for plaintiff-appellant.

Alleen S. Castellani, Asst. U.S. Atty., Benjamin J. Burgess, Jr., U.S. Atty., Topeka, Kan., for defendants-appellees.

Before LOGAN and MOORE, Circuit Judges, and BURCIAGA,* District Judge.

BURCIAGA, District Judge.

This appeal presents the issue of whether a military prisoner is barred from bringing a 28 U.S.C. § 1331 general federal question action seeking damages, declaratory, and injunctive relief for alleged due process violations by military officials. Plaintiff–Appellant, Frank Nitty Walden II, filed a *pro se* complaint alleging defendants-appellees violated his rights to due process by the manner in which they conducted disciplinary proceedings against him. Appellees are individual military officials. This appeal is from the district court's dismissal of Walden's case for lack of subject matter jurisdiction because the action was barred by the doctrine established in *Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950). Walden argues that the district court erred in finding the military officials immune from liability.

Walden is an inmate at the United States Disciplinary Barracks ["USDB"] in Fort Leavenworth, Kansas. Walden was convicted by a court-martial for military crimes committed while he was an active duty member of the United States Army, and sentenced to imprisonment and a discharge. Walden claims military officials violated his fifth and fourteenth amendment rights, military regulations, and USDB regulations. Walden was placed in segregation housing without a hearing, and received two administrative hearings on his disciplinary offenses which resulted in forfeiture of good time credits.

Walden alleges he did not receive written notice of the time and place of the first hearing. He further alleges he did not receive an independent review of the disciplinary board's findings because one of the appellees who testified against him also served on the appellate review panel which heard his complaint.

At the second hearing, Walden alleges he was not permitted to call a witness on his behalf. He further contends the disciplinary board was not impartial because the board members were defendants in a different civil suit he had previously filed.

All of these alleged unconstitutional acts occurred while Walden was a service member prior to his discharge. Walden seeks money damages from the individual defendants. He also seeks injunctive relief such as restoration of his good time credits, prohibition of his summary transfer to segregation, and removal of Lt. Col. Garity as presiding officer of the USDB Disciplinary and Adjustment Board. He further seeks a declaratory judgment that appellees violated his constitutional rights. Jurisdiction is sought under the general federal question statute, 28 U.S.C. § 1331.

On September 25, 1986, the United States District Court for the District of Kansas granted appellees' motion to dismiss for lack of subject matter jurisdiction. Describing the action as one for "monetary relief," the district court found it barred by the *Feres* doctrine. Thus, the district court concluded that appellees were entitled to the defense of intramilitary immunity.

### *Feres* Doctrine

A determination of the district court's subject matter jurisdiction is a question of

* Burciaga, Juan G., United States District Judge for the District of New Mexico, sitting by desig-

nation.

law reviewable *de novo* on appeal. *Madsen v. United States*, 841 F.2d 1011, 1012, (10th Cir.1987). The Supreme Court, in *Feres* and its progeny, has created a judicial exception to governmental liability for certain damage actions brought by military service members for injuries sustained while on active duty status. The district court's opinion dismissing this action cited two cases. The first, *Feres v. United States*, 340 U.S. at 135, 71 S.Ct. at 153, was an action for tort damages brought by a serviceman against the United States for injuries sustained while on active duty. The Court held that the Federal Tort Claims Act ["FTCA"] did not permit service members to maintain suits against the Government for injuries that "arise out of or are in the course of activity incident to service." 340 U.S. at 146, 71 S.Ct. at 159. The second, *Chappell v. Wallace*, 462 U.S. 296, 103 S.Ct. 2362, 76 L.Ed.2d 586 (1983), was a *Bivens* action for damages brought by servicemen against their superior officers for constitutional violations. The Court relied on *Feres*, and held "the unique disciplinary structure of the military establishment and Congress' activity in the field constitute 'special factors' which dictate that it would be inappropriate to provide enlisted military personnel a *Bivens*-type remedy against their superior officers." *Id.* at 304, 103 S.Ct. at 2368.

The Supreme Court re-affirmed these cases after Walden filed his brief. In *United States v. Johnson*, — U.S. —, 107 S.Ct. 2063, 95 L.Ed.2d 648 (1987), the Court held the *Feres* doctrine bars an FTCA action on behalf of a serviceman killed during an activity "incident to service," even if the alleged negligence is by a civilian employee. *Id.* at 2069. The *Johnson* Court refused to distinguish *Feres* on the basis of the civilian status of the alleged tortfeasor.

In *United States v. Stanley*, — U.S. —, 107 S.Ct. 3054, 97 L.Ed.2d 550 (1987), the Supreme Court clarified *Chappell*. In *Stanley*, a serviceman brought a *Bivens* action and attempted to distinguish *Chappell* by arguing the defendants were not his superior military officers, and therefore the chain-of-command concerns at the heart of *Chappell* were not implicated. The Supreme Court rejected this argument stating the officer-subordinate relationship was not crucial to the *Feres* "incident to service" test. *Id.* at 3062. The Court rejected a case-by-case evaluation of military chain-of-command concerns, and found that the *Feres* "incident to service" analysis controlled in a *Bivens* action. *Id.* at 3062–63.

This court has noted the three rationales underlying the *Feres* doctrine: "(1) the distinctly federal nature of the relationship between the government and members of its armed forces ...; (2) the availability of alternative compensation systems; and (3) the fear of damaging the military disciplinary structure." *Madsen v. United States*, — F.2d —, —, No. 87–2046, slip op. at 6 (quoting *Atkinson v. United States*, 825 F.2d 202, 204 (9th Cir.1987)).

Although *Feres* and its progeny do not address service members' damage claims based on federal question jurisdiction, those cases suggest such claims are similarly barred by the *Feres* doctrine. The same rationales counseling abstention in FTCA and *Bivens* actions are implicated in a damage action based upon constitutional violations by military officials. Such actions necessarily "involve the judiciary in sensitive military affairs at the expense of military discipline and effectiveness." *United States v. Shearer*, 473 U.S. 52, 59, 105 S.Ct. 3039, 3044, 87 L.Ed.2d 38 (1985). Therefore, there is no reason why this court should be less protective of military concerns than it has been with respect to FTCA suits. The *Feres* rationales extend beyond a damage action based on FTCA and *Bivens* and require abstention in a damage action arising from the Constitution if the *Feres* "incident to service" test is met.

### Damage Action

■ Walden argues that servicemen who serve a court-martial sentence in a military prison should be exempt from the *Feres* doctrine. Walden suggests (1) such sentences are not "incident to service," as required by *Feres*, or (2) a case-by-case

review should be undertaken to determine whether permitting the claim would require civilian courts to second-guess military decisions or whether it would impair the military chain of command. The two Supreme Court cases that have been decided since Walden's brief was filed dispose of the second argument. The Supreme Court in *Johnson*, 107 S.Ct. at 2063, and *Stanley*, 107 S.Ct. at 3054, rejected a case-by-case review of service members' damage actions because it would involve judicial inquiry into, and intrusion upon, military matters. The Court re-affirmed the "incident to service" test because it was less intrusive on military matters. *Stanley, id.* at 3063.

This appeal turns on whether Walden's status as a military prisoner, and the disciplinary hearings conducted against him were "incident to service" within the meaning of the *Feres* doctrine. If so, Walden's damage action is barred and the district court is without jurisdiction to hear his damage claim.

Walden attempts to place himself outside the ambit of *Feres* by arguing that at the time of the alleged unconstitutional acts, his status was solely that of a federal prisoner and not a military service member. This argument is disingenuous. The acts which Walden complains of in this action occurred after the military court-martial but before his discharge was officially executed. When the disciplinary proceedings took place, Walden was a military prisoner serving a sentence for a military offense of which he had been convicted. The Supreme Court has rejected the argument that service members sentenced by court-martial cease to be soldiers and are no longer subject to military law. *Kahn v. Anderson*, 255 U.S. 1, 41 S.Ct. 224, 65 L.Ed. 469 (1920); *Ragan v. Cox*, 320 F.2d 815 (10th Cir.1963), *cert. denied*, 375 U.S. 981, 84 S.Ct. 495, 11 L.Ed.2d 426 (1964). Therefore, having been sentenced, Walden's status was that of a military prisoner, subject to the *Feres* doctrine.

Furthermore, this court finds that the challenged disciplinary proceedings were "incident to service" within the meaning of *Feres*. At the time of challenged proceed-

ings, Walden was an active-duty service member assigned to a military institution commanded and operated by military personnel according to military policies and regulations. He remained subject to the Uniform Code of Military Justice and could be tried by court-martial for offenses while incarcerated at the USDB. 10 U.S.C. § 802(a)(7). Walden's incarceration at the USDB is uniquely part of this military relationship such that it is "incident" to his military service as established by *Feres*. Walden's damage claim against appellees, therefore, falls within the ambit of the *Feres* doctrine. Accordingly, Walden is barred from bringing this damage action against military officials.

### Injunctive and Declaratory Relief

■ A more perplexing question is whether Walden's action for injunctive and declaratory relief is barred by the *Feres* doctrine. Although the district court did not specifically mention Walden's claims for injunctive and declaratory relief, it apparently found them barred by *Feres* and *Chappell*. We disagree. *Chappell* itself suggests it leaves open claims for equitable relief against the military. Further, the rationales supporting *Feres* are not implicated by an action for injunctive and declaratory relief.

*Chappell* left the door open to injunctive claims against the military for constitutional violations. 462 U.S. at 304, 103 S.Ct. at 2367–68. The *Chappell* Court cited three examples of viable actions against the military, and all requested injunctive relief. *Id.* at 304–05, 103 S.Ct. at 2367–68 (citing *Brown v. Glines*, 444 U.S. 348, 100 S.Ct. 594, 62 L.Ed.2d 540 (1980); *Parker v. Levy*, 417 U.S. 733, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974); *Frontiero v. Richardson*, 411 U.S. 677, 93 S.Ct. 1764, 36 L.Ed.2d 583 (1973)). The Supreme Court has not expressly addressed the issue of whether *Feres* bars injunctive or declaratory relief. The Court, however, has recently re-affirmed its *Chappell* statement that it has "never held, nor do we now hold, that military personnel are barred from all redress in civilian courts for constitutional wrongs suffered in the course of military service."

*Stanley,* 107 S.Ct. at 3063 (quoting *Chappell,* 462 U.S. at 304, 103 S.Ct. at 2368). The *Stanley* Court noted that service member's actions designed to "halt or prevent the constitutional violation rather than the award of money damages" are permissible because they are traditional forms of relief rather than requests for the court to imply a new cause of action. *Id.*

*Chappell* and *Stanley* support the proposition that in certain circumstances a service member's action for equitable relief is not barred by the *Feres* doctrine. As Chief Justice Warren noted, "our citizens in uniform may not be stripped of basic rights simply because they have doffed their civilian clothes." *Chappell,* 462 U.S. at 304, 103 S.Ct. at 2368 (quoting Warren, *The Bill of Rights and the Military,* 37 N.Y.U.L. Rev. 181, 188 (1962)). Accordingly, the court finds that Walden's claims for injunctive and declaratory relief are not barred by the *Feres* doctrine.

### Jurisdictional Basis

■ The appellees' argument that Walden has failed to allege a jurisdictional basis for equitable relief is without merit. In his handwritten *pro se* complaint Walden cited to § 1331 as a jurisdictional basis.

Section 1331 provides:

The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

28 U.S.C. § 1331. Only a very limited showing must be made to allege jurisdiction under § 1331 for violation of the Constitution:

[W]here the complaint, as here, is so drawn as to seek recovery directly under the Constitution or laws of the United States, the federal court ... must entertain the suit.... The reason for this is that the court must assume jurisdiction to decide whether the allegations state a cause of action on which the court can grant relief as well as to determine issues of fact arising in the controversy.

*Bell v. Hood,* 327 U.S. 678, 681–82, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1945). Walden alleges his fifth amendment right to due process of law was violated by officers of the United States Armed Forces. The legal basis of his claim, improper withholding of good time, is established by prior Supreme Court law. *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).

In his reply brief, Walden maintains he satisfied the jurisdictional requirements of 28 U.S.C. § 1331 and § 1361. Section 1361 provides:

The district court shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

Walden's claim is that officers of the United States deprived him of good time in violation of the Constitution. He maintains mandamus relief is appropriate because defendants have a duty to refrain from violating the Constitution. Although this was not expressly alleged in his complaint, the district court should have liberally construed Walden's *pro se* complaint. *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Rule 8(a)(1) of the Federal Rules of Civil Procedure requires that a litigant set forth "a short and plain statement of the grounds upon which the court's jurisdiction depends." It does not require that a litigant cite the statute section conferring jurisdiction, as long as facts sufficient to invoke the court's jurisdiction are alleged. *See, e.g., Caldwell v. Miller,* 790 F.2d 589, 595 (7th Cir.1986). While recognizing that a district court need not "fish for jurisdiction," the court finds Walden alleged sufficient facts to establish jurisdiction for an action arising under the Constitution.

For the above reasons, we hold that the district court correctly dismissed Walden's damage claims, but incorrectly dismissed his claims for injunctive and declaratory relief against military officials. Therefore, the district court's decision is affirmed to the extent it dismisses Walden's damage claim, and is reversed and remanded to the extent it dismisses Walden's claim for in-

junctive and declaratory relief for lack of subject matter jurisdiction.

In addition, the court denies the government's motion to reconsider the grant of leave to proceed *in forma pauperis.* This denial, however, is without prejudice to the government's right to pursue the question of whether Walden made misrepresentations in his affidavit supporting his request to proceed *in forma pauperis* in criminal or other proceedings.