F I L E D
**United States Court of Appeals
Tenth Circuit**

**APR 1 2004**

**PATRICK FISHER**
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

HERMAN RIOS, JR.,

        Petitioner-Appellant,

BRETT WRIGHT,

        Petitioner,

        v.

COMMANDANT, UNITED STATES
DISCIPLINARY BARRACKS,

        Respondent-Appellee.

No. 03-3233
(D. Kansas)
(D.C. No. 0-CV-3446-RDR)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **HENRY**, and **HARTZ**, Circuit Judges.[**]

Herman Rios, Jr., appeals the district court's order dismissing his pro se 28 U.S.C. § 2241 petition without prejudice to his filing of a civil rights complaint.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10TH CIR. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously to decide this case on the briefs without oral argument. See FED. R. APP. P. 34(f); 10TH CIR. R. 34.1 (G).

We agree with the district court's decision for substantially the same reasons set forth in its June 6, 2003, order and therefore affirm its decision.

## I. BACKGROUND

The record indicates that in 1995, while on active duty in the United States Air Force, Mr. Rios was convicted by general court martial of the following offenses: (1) rape of a child under the age of sixteen; (2) sodomy of a child under the age of sixteen by force and without her consent; and (3) unlawfully striking and grabbing a child under the age of sixteen on two occasions. He was sentenced to eighteen years' imprisonment.

When Mr. Rios began serving his sentence at the United States Disciplinary Barracks in Fort Leavenworth, Kansas, prison officials classified him as a maximum custody inmate. Within a month, prison officials reclassified him as a medium custody inmate, and Mr. Rios retained that classification for the next four years.

While incarcerated, Mr. Rios has been found guilty of several institutional offenses, including aggravated assault and maiming, as well as damaging and destroying property. These offenses resulted in his reclassification as a maximum custody inmate. While in maximum custody, Mr. Rios was charged and convicted of four additional offenses, the last of which occurred on December 13, 2000.

Subsequently, it appears that Mr. Rios's behavior improved, and on July 9, 2001, prison officials reclassified him as a medium custody inmate.

In his § 2241 petition, Mr. Rios asserts that prison officials violated his due process rights by (1) classifying him as a maximum custody inmate without a hearing; (2) allowing him to remain a maximum custody inmate without regularly reviewing that classification; and (3) removing him from his prison job without a hearing. Mr. Rios also alleges that (4) prison officials violated his Eighth Amendment right to be free from cruel and unusual punishment by denying him outdoor exercise and "adequate living space" while he was in maximum custody. Rec. doc. 1, at 7 (Petition, filed Nov. 22, 2000). Although Mr. Rios acknowledges that he was afforded a hearing on his disciplinary offenses, he contends that prison officials improperly employed the maximum custody classification as a substitute for disciplinary segregation. See id. at 6 (alleging that "respondent has subjected petitioner[] to atypical and significant hardships indefinitely under the guise of a custody classification" and that "petitioner[][has] been held in disciplinary segregation for 11 . . . months") (internal quotation marks omitted).

In his prayer for relief, Mr. Rios seeks "a declaration that the never ending punishment is unlawful, an injunction to be removed from the unlawful (atypical and significant) conditions, and administrative sentence credit of 10 days for each

day held unlawfully in segregation." Id. at 7A.  In addition, Mr . Rios seeks "credit for work abatement lost while in 'max custody'/ segregation."  Id.

The district court concluded that Mr. Rios's allegations should be raised in a civil rights complaint rather than a § 2241 petition:

> The crux of Rios' factual allegations is a challenge to his prolonged administrative segregation and its severe conditions.  His requests for relief in the form of sentence credit for time spent in segregated confinement and without prison employment are . . . not supported by any legal authority.  Such claims of entitlement to relief not warranted by the allegations in a pro se pleading do not transform the matter into a habeas corpus action.  Furthermore, Rios' argument that he was held indefinitely in disciplinary segregation without due process under the guise of maximum custody does not indicate the loss of previously earned good time credit or other challenges to disciplinary proceedings which may be reviewed in a petition for a writ of habeas corpus.

Rec. doc. 16, at 7-8 (Order, filed June 6, 2003).  The court therefore dismissed Mr. Rios's petition without prejudice to the filing of a civil rights complaint challenging the condition of his confinement.

## II.  DISCUSSION

In his appellate brief, Mr Rios argues that the district court erred in failing to conduct a "Sandin analysis."  Aplt's Br. at 3.  He maintains that the conditions to which he was subjected in maximum custody affected a liberty interest because they constituted an "atypical and significant hardship [upon him] in relation to the

-4-

ordinary incidents of prison life."   Sandin v. Conner, 515 U.S. 472, 484 (1995).

As a result, Mr. Rios maintains, he could not be placed in maximum custody

without some procedural protections.  Mr. Rios also argues that prison officials

violated his due process rights by reviewing his placement in maximum custody

only once a year.  Finally, Mr. Rios asserts that "administrative sentence credit"

constitutes an appropriate request for relief in this § 2241 proceeding because he

is barred from seeking monetary relief under the Feres doctrine.  See generally

Feres v. United States, 340 U.S. 135, 146 (1950) (holding that the United States is

immune from monetary damages for "injuries to servicemen where the injuries

arise out of or are in the course of activity incident to service"); Walden v.

Bartlett, 840 F.2d 771, 774 (10th Cir. 1988) (holding that the Feres doctrine bars

a military prisoner's claims for monetary damages).

Mr. Rios's arguments raise legal issues that we examine de novo.  See

Khan v. Hart, 943 F.2d 1261, 1262 (10th Cir. 1991).  Upon review of the record,

we agree with the district court's analysis.

As the district court noted:

Petitions under § 2241 are used to attack the execution of
a sentence . . . . [A]lthough a § 2241 attack on the
execution of a sentence may challenge some matters that
occur at prison, such as deprivation of good-time credits
and other prison disciplinary matters, this does not make
§ 2241 actions like condition of confinement lawsuits,
which are brought under civil rights laws.  A habeas
corpus proceeding attacks the fact or duration of a

> prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement. In contrast, a civil rights action . . . attacks the conditions of the prisoner's confinement and requests monetary compensation for such conditions.

McIntosh v. United States Parole Comm'n, 115 F.3d 809, 812 (10th Cir. 1997) (internal citations and quotation marks omitted).

Here, Mr. Rios's allegations address the conditions of his confinement and thus should be raised in a civil rights action. Although in his prayer for relief Mr. Rios seeks a ten-day sentence credit for each day he has allegedly served improperly in maximum custody, he provides no support for his contention that he would be entitled to such relief if he prevailed on his substantive claims. Instead, the requested sentence credit appears to be an attempt to avoid the strictures of the Feres doctrine.[1] In our view, a prisoner may not transform a civil rights action involving the conditions of his confinement into a § 2241 petition merely by seeking sentencing relief in a manner not connected to his substantive claims. Cf. Hadley v. Holmes, 341 F.3d 661, 665 (7th Cir. 2003) (holding that the possibility that a prisoner's claim had the potential to affect the duration of his confinement was "too attenuated from this proceeding to state a claim under § 2254").

---

[1] Moreover, the Feres doctrine is not as broad as Mr. Rios suggests: this court has held that "[a military prisoner's] claims for injunctive and declaratory relief [were] not barred by the Feres doctrine." Walden, 840 F.2d at 775.

## III.  CONCLUSION

Accordingly, we AFFIRM the district court's dismissal of Mr. Rios's 28

U.S.C. § 2241 petition without prejudice to the filing of a civil rights complaint.


Entered for the Court,


Robert H. Henry
Circuit Judge