**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 29, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DOUGLAS GREGORY BORK,

Plaintiff-Appellant,

v.

STEPHEN M. CARROLL, Lt.
Colonel; GREGORY S. FORD,
Colonel; DERAL ADAMS, Sergeant
Major; LEON E. PANETTA,[*]
Secretary of Defense,

Defendants-Appellees.

No. 10-6262
(D.C. No. 5:10-CV-00721-R)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[**]

---

Before **KELLY**, **GORSUCH**, and **MATHESON**, Circuit Judges.

Douglas Gregory Bork, a member of the United States Army Reserve,

wants to challenge personnel decisions made by his sergeant, superior officers,

---

[*]     Pursuant to Federal Rule of Appellate Procedure 43(c)(2),
Defendant-Appellee Leon E. Panetta, sworn in on July 1, 2011, is substituted for
Robert Gates as the Secretary of Defense.

[**]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and the Secretary of Defense. Mr. Bork seeks to sue those individuals in their official capacities and to have us enjoin their putatively unlawful actions. The district court dismissed Mr. Bork's claims for lack of subject matter jurisdiction, however, and it was right to do so.

Absent an express waiver of sovereign immunity, federal courts lack jurisdiction to entertain suits against the United States and its officers acting in their official capacities — at least when the government raises the issue. *See Wyoming v. United States*, 279 F.3d 1214, 1225 (10th Cir. 2002). And only Congress, not the courts, can consent to suits against the United States. *United States v. Shaw*, 309 U.S. 495, 502 (1940) ("It is not our right to extend the waiver of sovereign immunity more broadly than has been directed by the Congress."). So it is that a plaintiff seeking to invoke the jurisdiction of the federal courts bears the burden of identifying an applicable statutory waiver of sovereign immunity when challenged to do so. *See Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999).

And it is here where Mr. Bork stumbles. The government denies the existence of any applicable waiver of sovereign immunity. Before us, Mr. Bork replies that this suit is permitted under *Feres v. United States*, 340 U.S. 135 (1950). But *Feres* arose under the Federal Tort Claims Act, an Act of Congress that contains an express statutory waiver of sovereign immunity. Meanwhile, Mr. Bork does *not* seek to bring an FTCA claim in this case. And Mr. Bork's

difficulties are compounded by the fact *Feres* proceeded to hold — despite the FTCA's language suggesting a waiver of immunity — that FTCA suits for injuries "aris[ing] out of or . . . in the course of activity incident to service," remain beyond the purview of the federal courts as a prudential matter. *Id.* at 146. If anything, then, *Feres* narrowed, not expanded, the scope of a statutory waiver of immunity. In the years since it was decided, *Feres* has been extended beyond the FTCA context to other arenas, but in every instance it has always acted as an additional prudential *bar* to otherwise permissible lawsuits — not as a sort of extra-statutory, judicially-mandated waiver of sovereign immunity, as Mr. Bork supposes.

Neither, contrary to Mr. Bork's argument on appeal, does *Walden v. Bartlett*, 840 F.2d 771 (10th Cir. 1987), alter any of this. *Walden* considered only the question whether *Feres*'s prudential doctrine should be extended again to bar the claims at issue before the court at that time. *Walden* did *not* address the separate and independently significant question whether a statutory waiver of sovereign immunity existed sufficient to encompass those claims. Neither could *Walden* be reasonably read to have passed on the sovereign immunity question by implication or through its silence on the subject. After all, it is a fundamental precept of our legal order that "the existence of unaddressed" potential "jurisdictional defects has no precedential effect" barring their consideration in an appropriate later case. *Lewis v. Casey*, 518 U.S. 343, 352 n.2 (1996); *see also*

*Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 91 (1998) ("drive-by jurisdictional rulings . . . have no precedential effect"). If the rule were otherwise, any obvious constitutional or statutory limit on our jurisdiction would be forever ignored simply because no one paused to think of it in the first case.

Just as it is important to emphasize what *Walden* didn't decide, it is equally important to identify what we are not saying in this appeal. Whether there might be some *other* way someone in Mr. Bork's shoes could invoke the jurisdiction of the federal courts — say, by relying on the APA's waiver of sovereign immunity, 5 U.S.C. § 702, or on an exception to federal sovereign immunity, *see Wyoming*, 279 F.3d at 1225 (discussing *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682 (1949)) — we do not need to (and do not) say. It is more than enough to say, as the district court did before us, that the sovereign immunity waiver arguments Mr. Bork has tried fail to carry the day. It is, after all, the job of the courts only to pass on the theories asserting jurisdiction the litigants advance, not to conjure other possibilities besides. The judgment of the district court is affirmed.

Entered for the Court


Neil M. Gorsuch
Circuit Judge


-4-