FILED
United States Court of Appeals
Tenth Circuit

December 20, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DONITA L. SELF,

        Plaintiff - Appellant,

v.

I HAVE A DREAM
FOUNDATION-COLORADO,

        Defendant - Appellee.

No. 13-1090
(D.C. No. 1:11-CV-00492-PAB-CBS)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and
**BACHARACH**, Circuit Judge.

Pro se plaintiff Donita L. Self sued her former employer under the Americans

with Disabilities Act, alleging discrimination and retaliation. The district court

granted the employer's dispositive motion, and Ms. Self appealed. We affirm on the

---

[*]    The Defendant requested oral argument; however, the Court has determined
that oral argument would not materially aid in the decision. *See* Fed. R. App. P.
34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument.

    This order and judgment does not constitute binding precedent except under
the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir.
R. 32.1.

discrimination claim. On the retaliation claim, we vacate the award of summary judgment and remand for the district court to order dismissal without prejudice.

## I. Background

Ms. Self worked for the Colorado I Have A Dream Foundation from 2000 until 2008, when she was fired. After the firing, she filed a charge with the Equal Employment Opportunity Commission, which issued her a right-to-sue letter. Ms. Self then began the present action.

The Foundation filed a motion to dismiss or, in the alternative, a motion for summary judgment. In these motions, the Foundation argued that: (1) It did not qualify as an "employer" under the Americans with Disabilities Act because it had fewer than fifteen employees, (2) Ms. Self did not exhaust her retaliation claim because she had omitted retaliation in her EEOC charge, and (3) Ms. Self did not sufficiently allege discrimination based on a disability.

The district court granted the motions, concluding that: (1) the ADA did not apply because the Foundation had fewer than fifteen employees, and (2) the retaliation claim was not administratively exhausted. Both conclusions are challenged in this appeal. In addition, Ms. Self argues that opposing counsel committed misconduct.

## II. The Nature of the District Court's Ruling

The district court unambiguously ruled against the Plaintiff, but the nature of the ruling is unclear. We must determine what the district court ruled before we can engage in meaningful review.

The district court's ruling addresses alternative motions, one for dismissal and another for summary judgment. The magistrate judge recommended that the Court grant the "motion," but did not distinguish between the motions for dismissal and summary judgment. This recommendation was ambiguous because dismissal and summary judgment are two different dispositions. *See* Bradley Scott Shannon, *A Summary Judgment Is Not a Dismissal!*, 56 Drake L. Rev. 1 (2007) (discussing the differences between a dismissal and an award of summary judgment).

The magistrate judge added that the Court should enter summary judgment for the Defendant. This addition suggests that the magistrate judge was intending to recommend summary judgment rather than dismissal.

The district judge "accepted" the magistrate judge's recommendation. In doing so, the district judge stated that he would "grant" the motion for dismissal or summary judgment even though these are two different dispositions.

Then, the district judge stated that the action would be "dismissed." Elsewhere, however, the district judge seemed to be relying on the summary judgment standard. *E.g.*, R. at 1164 (stating that the Plaintiff's documents "do not raise a genuine dispute of material fact" regarding the number of employees); *id*. at

1165 (discussing the Plaintiff's failure to submit evidence in response to the summary judgment motion). And, as noted above, the district judge stated that he was accepting the magistrate judge's recommendation, which was to enter summary judgment for the Defendant.

To review the district court's ruling, we must discern whether it involved dismissal or summary judgment because it could not be both. The district judge's references to summary judgment, coupled with the stated "acceptance" of the magistrate judge's recommendation, suggest that the district judge was intending to grant summary judgment to the Defendant. Thus, we interpret the ruling as an award of summary judgment to the Defendant.

## III. ADA Discrimination Claim

The Americans with Disabilities Act applies only if the defendant is considered an "employer." *See Butler v. City of Prairie Village, Kansas*, 172 F.3d 736, 744 (10th Cir. 1999). And, to qualify as an employer, the company must employ at least fifteen individuals. Americans with Disabilities Act, 42 U.S.C. § 12111(5)(A) (2006).

The Foundation had fewer than fifteen traditional employees. But, a number of volunteers worked for the Foundation as volunteers. If these volunteers counted as "employees," the Foundation would qualify as an "employer" under the ADA. Without these volunteers, however, Ms. Self acknowledges that the Foundation

would lack enough employees to trigger the ADA.  R. at 1025-26.  The district court concluded that the volunteers did not count as employees, and we agree.

We must uphold the award of summary judgment if the Defendant showed the absence of a genuine dispute on any material fact and its entitlement to judgment as a matter of law.  *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).  To determine whether this test was met, we view the evidence in the light most favorable to the Plaintiff; however, we disregard unsupported conclusory allegations.  *Id.*  We liberally construe Ms. Self's pro se filings, but we do not act as her "attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Ms. Self acknowledges that the Foundation used AmeriCorps volunteers.  *E.g.*, Plaintiff's Opening Br. at 2-3 ¶ 6 (Apr. 29, 2013).  These volunteers were placed at the Foundation through the Colorado Campus Compact.  Once taken by the Foundation, the volunteers obtained a living allowance.

The living allowance is not considered a "wage."  45 C.F.R. § 2522.245.  And, when the Plaintiff allegedly encountered discrimination (2008), federal law provided that volunteers participating in AmeriCorps and other programs would not be considered employees of the organizations where they were volunteering.  *See* National and Community Service Act of 1990, 42 U.S.C. § 12511(17)(B) (2006) ("A participant shall not be considered to be an employee of the program in which the participant is enrolled.")**;** *see also Twombly v. Ass'n of Farmworker Opportunity*

- 5 -

*Programs*, 212 F.3d 80, 84 (1st Cir. 2000) ("Since 1991, the [National Community Service Act] has provided that participants in an approved AmeriCorps program . . . 'shall not be considered employees of the program.'"). Thus, Ms. Self conceded in the district court that the AmeriCorps participants are not considered "employees."[1]

Against the backdrop of this unambiguous statutory declaration, the Plaintiff argues: (1) Tax records show that the Foundation treated AmeriCorps participants as employees; (2) the Foundation was not a "sub-grantee"; (3) the volunteers were not students; and (4) two of the affiants (Ms. Mary Hanewall and Ms. Stephanie Schooley) were not credible witnesses. These arguments are meritless.

The Plaintiff bases her first argument largely on the cover page to the Foundation's "Form 990," which purported to list 26 employees of the Foundation. But Ms. Self did not submit this page in response to the summary judgment motion; instead, she submitted it in her objection to the magistrate judge's report. R. at 1136. As a result, the district judge declined to consider the form. That ruling was permissible. *See* Fed. R. Civ. P. 72(b)(3).

Ms. Self disagrees, stating that she "has disputed the alleged AmeriCorps from day one." Appellant's Opening Br. at 4. Perhaps she has. But she did not submit the cover page to the Form 990, which was her evidence, until it was too late.

---

[1] In responding to the summary judgment motion, Ms. Self stated: "Plaintiff is NOT arguing whether AmeriCorps members are considered an employee or not, she knows that they are not." R. at 840 (emphasis in original).

The Plaintiff also denies that the Foundation was a sub-grantee. This issue, however, is immaterial. In its summary judgment papers, the Foundation stated that Regis University had obtained a grant for the AmeriCorps program and passed along part or all to the Foundation. The Plaintiff challenges this statement, but the point of her challenge is unclear. Federal law prohibits classification of the AmeriCorps volunteers as "employees," regardless of whether Regis passed along the grant to the Foundation. *See supra* pp. 5-6 (citing authorities).

Ms. Self also denies that the volunteers were students. But, AmeriCorps volunteers did not have to be students. *See* 42 U.S.C. § 12591(a) (2006) (stating the requirements of participation in the National and Community Service Grant Program).

Finally, Ms. Self challenges the credibility of two of the Foundation's affiants. Credibility, however, cannot be decided on summary judgment. *Hansen v. PT Bank Negara Indonesia (Persero)*, 706 F.3d 1244, 1251 (10th Cir. 2013). As discussed above, we view all of the evidence in the Plaintiff's favor, regardless of the credibility of any of the affiants.

Under federal law, AmeriCorps participants are not considered "employees" of the Foundation. Indeed, as discussed above, Ms. Self conceded in the district court that AmeriCorps participants are not considered "employees." This concession is fatal to the discrimination claim. Without the AmeriCorps participants, the

Foundation had fewer than fifteen employees. And without fifteen or more employees, the ADA does not apply.

## IV. ADA Retaliation Claim

Ms. Self also challenges the dismissal of her ADA retaliation claim for failure to exhaust administrative remedies. The district court held that Ms. Self had not included any allegations of retaliation in her EEOC charge of discrimination.

The district court had jurisdiction over the retaliation claim only if Ms. Self exhausted administrative remedies. *Jones v. UPS, Inc.*, 502 F.3d 1176, 1183 (10th Cir. 2007). "We review the district court's dismissal for lack of subject matter jurisdiction de novo, and the findings of jurisdictional facts for clear error." *McBride v. CITGO Petroleum Corp.*, 281 F.3d 1099, 1104-05 (10th Cir. 2002).

The jurisdictional issue turns on the scope of the EEOC charge. For the district court to acquire jurisdiction, the EEOC charge had to contain the relevant facts underlying the retaliation claim. *See Jones*, 502 F.3d at 1186.

The EEOC charge stated:

> I was hired on or about November 29, 2000, as the Office Manager. I performed my duties in a satisfactory manner. In approximately July 2009, I was diagnosed with my disability. I disclosed my disability to the Executive Director. I was able to perform the essential functions of my position. I did need assistance when I had to lift or carry a large or heavy item and did the office grocery shopping. This upset the Executive Director and she started to treat me in a rude and unprofessional manner. On or about October 13, 2008, I learned that I had been 'locked' out of the company database. This upset me, so I left work. I tried to call back to my office phone to pick up messages but I was not able to retrieve and/or access my phone and/or messages. On or about October 14, 2008, I called in sick to work. Later that afternoon I

found a letter in my door indicating that I had been discharged from my position on October 13, 2008. There was also a Release included that reflected if I signed it the company would pay my health insurance for the next six months. I did not sign the release form. The Executive Director called my cell phone several times and left messages inquiring if I had signed the Release. When I did not call her back she called me and left a message stating that she was going to stop payment on my vacation pay out [sic] if I didn't call her back. I did not call her and eventually deposited the check. ~~To date I have not been allowed to come and pick up my personal belongings.~~ [sic]

I believe that I have been discriminated against due to my disability within the meaning of the Americans with Disabilities Act of 1990, as amended.

R. at 723.

The EEOC form contained boxes for "discrimination" and "retaliation" claims. Ms. Self checked the box for "discrimination," but not for "retaliation." "The failure to mark a particular box creates a presumption that the charging party is not asserting claims represented by that box." *See Jones v. UPS, Inc.*, 502 F.3d 1176, 1186 (10th Cir. 2007). The presumption may be rebutted, however, if the text of the charge clearly sets forth the basis of the claim. *Id.*

Ms. Self does not challenge the district court's conclusion that her charge did not include allegations of retaliation. Rather, she alleges that she understood the act of firing her to be prohibited retaliation and that she told the EEOC investigator about her final days at the Foundation. These allegations do not change the substance of her EEOC charge, which she reviewed and signed.

By failing to check the box for "retaliation," we presume that Ms. Self was not asserting retaliation in the EEOC charge. This presumption is unrebutted. Thus, the

retaliation claim is unexhausted; and in the absence of exhaustion, the district court lacked jurisdiction over the retaliation claim. As a result, the claim was properly rejected.

Still, we must address the way that the district court disposed of the claim. Though the district court was right to reject the claim, the actual disposition was erroneous.

As discussed above, the district court apparently intended to award summary judgment to the Defendant. This award of summary judgment would terminate the retaliation claim with prejudice. *See Wheeler v. Hurdman*, 825 F.2d 257, 259 n.5 (10th Cir. 1987) ("A grant of summary judgment resolves the issue on the merits and thus is with prejudice."). But as discussed above, exhaustion involves a jurisdictional defect under the ADA. Because the pleading defect was jurisdictional, the claim should have been dismissed without prejudice. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) ("[W]here the district court dismisses an action for lack of jurisdiction, as it did here, the dismissal must be without prejudice."). Thus, we vacate the award of summary judgment on the retaliation claim and remand for the limited purpose of directing the district court to dismiss the retaliation claim without prejudice.

## V.  Attorney Misconduct Claim

Finally, we consider Ms. Self's argument that opposing counsel committed misconduct.  Ms. Self waived this argument by omitting it in her objections to the magistrate judge's recommendation.

"We have adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate [judge].  The failure to timely object to a magistrate [judge]'s recommendations waives appellate review of both factual and legal questions."  *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (citation, brackets, and internal quotation marks omitted).  Exceptions exist when: (1) the district court does not notify a pro se litigant of the time period for objection and the consequences of a failure to object, and (2) review is required in the interests of justice.  *Id.*

The magistrate judge informed the parties of the necessity to file written objections within fourteen days to preserve further review.  Ms. Self did not heed this warning, and the interests of justice do not require review of the new argument.  Therefore, we do not address Ms. Self's complaint about opposing counsel.

## VI.  Conclusion

We affirm the award of summary judgment on Ms. Self's ADA discrimination claim.  The retaliation claim was unexhausted, as the district court stated.  But we

vacate the award of summary judgment on the retaliation claim and remand with instructions to order dismissal without prejudice.

Entered for the Court


Robert E. Bacharach
Circuit Judge