FILED
United States Court of Appeals
Tenth Circuit

March 30, 2017

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

VINCENT GABRIEL,

　　　　Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

　　　　Defendant - Appellee.

No. 16-1381
(D.C. No. 1:14-CV-03022-KMT)
(D. Colorado)

ORDER AND JUDGMENT[*]

Before **HARTZ**, **HOLMES**, and **BACHARACH**, Circuit Judges.

This appeal involves the exhaustion requirement for a claim under the Federal Tort Claims Act. The claim involves negligence at a federal health-care facility. The district court concluded that the claim was unexhausted, granting summary judgment to the government and dismissing the action with prejudice.

---

[*]　　The parties do not request oral argument, and we do not believe that oral argument would be helpful. As a result, we are deciding the appeal based on the briefs. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value under Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

We "concur in the outcome, but not with the means." *Cizek v. United States*, 953 F.2d 1232, 1233 (10th Cir. 1992). Because Mr. Gabriel failed to present an administrative claim before filing suit, we agree with the district court that the claim was unexhausted. But because the exhaustion requirement is jurisdictional, the government acknowledges that the dismissal should have been without prejudice. We agree.

**1.     Standard of Review**

We construe the district court's disposition as a dismissal for lack of subject-matter jurisdiction. A determination of subject-matter jurisdiction involves a question of law, which we review de novo. *Walden v. Bartlett*, 840 F.2d 771, 772-73 (10th Cir. 1988).

**2.     Jurisdiction**

Under the Federal Tort Claims Act, a tort action "shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing . . . ." 28 U.S.C. § 2675(a). A claim is "deemed to have been presented when a Federal agency receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain . . . ." 28 C.F.R. § 14.2(a).

The action was filed on July 14, 2014. As of that date, the plaintiff had not presented an administrative claim. Thus, the district court lacked subject-matter jurisdiction.

Mr. Gabriel argues that he exhausted administrative remedies after filing suit. The government does not dispute that Mr. Gabriel filed an administrative claim on April 6, 2015, which was after the suit had been filed.

When a claim is unexhausted prior to suit under the Federal Tort Claims Act, the claimant cannot "cure the jurisdictional defect" while the suit is pending. *Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999). Thus, the filing on April 6, 2015 does not trigger jurisdiction over the earlier suit.

**3.     Effect of *United States v. Wong***

The plaintiff argues that in light of *United States v. Wong*, 135 S. Ct. 1625 (2015), the district court should have stayed the proceedings to allow exhaustion. We disagree, for *Wong* did not address the exhaustion requirement.

The issue in *Wong* was "whether courts may equitably toll" the time limits in the Federal Tort Claims Act. 135 S. Ct. at 1630. The Supreme Court answered yes, holding that "the [Federal Tort Claims Act's] time bars are nonjurisdictional and subject to equitable tolling." *Id.* at 1638. But the Court did not address the statute's exhaustion requirement. *See id.*

3

In our view, *Wong* does not affect our precedents addressing the jurisdictional nature of the statutory exhaustion requirement. Because Mr. Gabriel failed to exhaust administrative remedies before filing suit, the district court lacked jurisdiction.

### 4. The Plaintiff's Argument on Definitions

Mr. Gabriel briefly addresses 42 U.S.C. § 201, quoting this provision as saying that "employees are liable to lawsuits when HHS does not provide remedy." Appellant's Opening Br. at 17. This statute does not contain the quoted language, and Mr. Gabriel's argument is invalid.

A remedy exists under the Federal Tort Claims Act; Mr. Gabriel simply failed to satisfy the exhaustion requirement before going to court. We do not see anything in 42 U.S.C. § 201 that would support liability here.

### 5. Proper Disposition of the Case

The district court initially disposed of the action by granting the government's motion to dismiss for lack of subject-matter jurisdiction. But the court ultimately treated the motion as one for summary judgment. Based on this treatment, the court awarded summary judgment to the government and dismissed the action with prejudice.

This disposition "was ambiguous because dismissal and summary judgment are two different dispositions." *Self v. I Have A Dream Found.– Colo.*, 552 Fed. App'x 782, 783 (10th Cir. 2013) (unpublished) (citing

4

Bradley Scott Shannon, *A Summary Judgment Is Not A Dismissal!*, 56 Drake L. Rev. 1 (2007)). An important "distinction between these procedures is that summary judgments always relate to the merits of the action, whereas dismissals generally do not." Bradley Scott Shannon, *A Summary Judgment Is Not a Dismissal!*, 56 Drake L. Rev. 1, 3-4 (2007). Therefore, we must determine whether the proper disposition was "dismissal or summary judgment because it could not be both." *Self*, 552 Fed. App'x at 783.

Attacks on jurisdiction take two forms: facial and factual. *Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995). In a factual attack, the movant goes "beyond allegations contained in the complaint [to] challenge the facts upon which subject-matter jurisdiction depends." *Id*. at 1003. Here, the attack was factual: The government alleged a failure to exhaust administrative remedies, a fact which would have precluded jurisdiction and required dismissal.

When addressing a factual attack on jurisdiction, "a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion" for summary judgment. *Id*. (citing *Wheeler v. Hurdman*, 825 F.2d 257, 259 n.5 (10th Cir. 1987)). Conversion is appropriate only when "the jurisdictional question is intertwined with the merits of the case." *Id*. This occurs when "subject-matter jurisdiction is dependent upon the same statute which provides the substantive claim in the case." *Id*. The

underlying concern, however, is "not merely . . . whether the merits and the jurisdictional issue arise under the same statute," but instead "whether resolution of the jurisdictional question requires resolution of an aspect of the substantive claim." *Pringle v. United States*, 208 F.3d 1220, 1223 (10th Cir. 2000) (citing *Wheeler*, 825 F.2d at 259).

Here, the jurisdictional question and the merits were not intertwined, for the exhaustion issue did not require the district court to decide substantive aspects of the tort claims. Accordingly, the district court should not have converted the motion into one for summary judgment. The proper disposition was dismissal for lack of jurisdiction, which should have been without prejudice. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) (noting that "dismissals for lack of jurisdiction should be without prejudice because [a court that lacks jurisdiction is not capable] of reaching a disposition on the merits of the underlying claims"). The dismissal with prejudice was therefore incorrect.

**6.    Conclusion**

Section 2675(a) requires claimants to exhaust their administrative remedies before initiating a suit under the Federal Tort Claims Act. Because this claim was unexhausted, the district court lacked jurisdiction.

The Supreme Court's opinion in *Wong* does not require a different outcome. *Wong* addressed equitable tolling of the Federal Tort Claims

Act's time bars. The district court had no occasion to consider timeliness here because the claim was unexhausted.

Based on these conclusions, we remand and instruct the district court to vacate the order granting summary judgment for the government and dismissing the action with prejudice. The district court should instead enter an order of dismissal without prejudice for lack of jurisdiction.

Judge Holmes joins in full and Judge Hartz concurs in the result and joins all except Section 5.

Entered for the Court


Robert E. Bacharach
Circuit Judge