**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 13, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DONA KELLER,

      Plaintiff - Appellant,

v.

Commissioner, Social Security
Administration,

      Defendant - Appellee.

No. 17-1410
(D.C. No. 1:17-CV-02295-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **EID**, and **CARSON**, Circuit Judges.
_____

Dona Keller appeals from the district court's dismissal of her pro se amended

complaint for failure to comply with the short-and-plain-statement requirements of

Fed. R. Civ. P. 8(a).  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I.**     **Background**

A magistrate judge construed Ms. Keller's original complaint as alleging a

violation of her right to Social Security benefits, but held it was unclear what agency

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

decision she was challenging or how her rights had been violated. The magistrate judge noted that she appeared to be seeking review of an administrative law judge's (ALJ) decision entered in 2010, which she had appealed in a prior district court case, *Keller v. Comm'r of the Soc. Sec. Admin.*, No. 11-cv-02907-JLK (D. Colo. Mar. 23, 2012). The magistrate judge advised Ms. Keller that the district court could not reconsider or review its previous decision in her case. Ms. Keller's complaint also alleged that she had been denied an opportunity for an evidentiary review by Social Security Administration (SSA) officials, including the Commissioner. But she failed to allege that this denial of review had resulted in a final agency determination that was subject to judicial review. The magistrate judge directed Ms. Keller to file an amended complaint that complied with the pleading requirements of Rule 8 by identifying the final agency decision that she is challenging, the specific claims she is asserting, and the factual allegations supporting her claims.

Ms. Keller filed an amended complaint. But the district court held that, despite the magistrate judge's instruction to do so, she failed to identify any final agency action that is subject to judicial review. The court held that Ms. Keller's amended complaint therefore failed to provide a short and plain statement of any claims showing that she was entitled to relief. It dismissed her action without prejudice pursuant to Fed. R. Civ. P. 41(b) for failing to file a pleading that complied with the Federal Rules of Civil Procedure.

2

## II.    Discussion

Although we liberally construe Ms. Keller's pro se complaint, "pro se parties [must] follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted).  As relevant here, Rule 8 provides:  "A pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction . . . ."  Fed. R. Civ. P. 8(a)(1); *see also Mocek v. City of Albuquerque*, 813 F.3d 912, 932 (10th Cir. 2015) (stating that under Rule 8(a)(1) "a complaint must state the jurisdictional basis for all of the claims alleged therein"). "[A] failure to satisfy Rule 8 can supply a basis for dismissal:  [Fed. R. Civ. P.] 41(b) specifically authorizes a district court to dismiss an action for failing to comply with any aspect of the Federal Rules of Civil Procedure." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr.*, 492 F.3d 1158, 1161 (10th Cir. 2007).[1]  "We review dismissals under Rule 41(b) for abuse of discretion." *Id.* A district court may, without abusing its discretion, "employ[] Rule 41(b) to dismiss

---

[1] "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts as here to dismiss actions sua sponte for a plaintiff's failure to comply with the rules of civil procedure or court's orders." *Nasious*, 492 F.3d at 1161 n.2 (ellipsis, brackets, and internal quotation marks omitted).

3

a case without prejudice for failure to comply with Rule 8 . . . without attention to any particular procedures." *Id.* at 1162.

Ms. Keller fails to demonstrate that the district court abused its discretion in dismissing her amended complaint. Rule 8(a)(1) requires a plaintiff to allege "facts sufficient to invoke the court's jurisdiction." *Walden v. Bartlett*, 840 F.2d 771, 775 (10th Cir. 1988). Here, however, Ms. Keller failed to identify a final decision by the Commissioner that is subject to review by the district court.

Judicial review of claims arising under the Social Security Act is permitted only in accordance with 42 U.S.C. § 405. *See* 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided."). District courts have jurisdiction to review the "final decision of the Commissioner of Social Security made after a hearing." *Id.* § 405(g). Although the term "final decision" is not defined by the Social Security Act, pursuant to regulation the agency's final decision follows the completion of all of the steps of the administrative review process, *see* 20 C.F.R. § 416.1400(a)(5), which begins with the filing of a claim for benefits, *see id.* § 416.305(a).

In her amended complaint, Ms. Keller asserted jurisdiction under § 405(g). But she did not allege that she had filed a new claim for benefits that she had exhausted through the administrative process. Rather, she noted that she had received an ALJ decision in 2010, which she had appealed to the district court. She further alleged that SSA officials recently denied her requests, via letter, to reopen

4

that 2010 ALJ decision. In her amended complaint, Ms. Keller sought "an unrestricted reopening" of the ALJ's decision and "court ordered mediation." R. at 22, 23.

These facts are insufficient to invoke the district court's jurisdiction to provide Ms. Keller's requested relief. Absent a colorable constitutional claim, the district court's jurisdiction is limited to reviewing the agency's final decision on an initial claim for benefits. *See Califano v. Sanders*, 430 U.S. 99, 107-09 (1977). In *Califano*, the Court held that a district court lacked jurisdiction under § 405(g) to review the agency's denial of a petition to reopen a claim for benefits, which was not challenged on constitutional grounds. *Id.* at 109. As Ms. Keller alleged, she previously sought and received district court review of the 2010 ALJ decision.[2] And her conclusory assertion of a "due process" violation in her amended complaint, R. at 23, without more, is insufficient to raise a colorable constitutional claim as to the SSA's recent denial of her request to reopen the ALJ's 2010 decision. *See Nelson v. Sec'y of Health & Human Servs.*, 927 F.2d 1109, 1111 (10th Cir. 1990) ("Absent a colorable constitutional claim not present here, a district court does not have

---

[2] We note that the district court entered a final judgment in that case in 2012. *See Keller v. Comm'r of the Soc. Sec. Admin.*, No. 11-cv-02907-JLK, slip op. at 1 (D. Colo. Mar. 23, 2012), and Ms. Keller did not file a notice of appeal. We can take judicial notice of the district court's docket in Ms. Keller's previous case. *Cf. ASARCO LLC v. Union Pac. R.R. Co.*, 755 F.3d 1183, 1188 & n.5 (10th Cir. 2014) (taking judicial notice of filings in a related case in reviewing dismissal of complaint under Fed. R. Civ. P. 12(b)(6)).

jurisdiction to review the [Commissioner's] discretionary decision not to reopen an earlier adjudication." (internal quotation marks omitted)).

"Federal courts are courts of limited jurisdiction, and the presumption is that they lack jurisdiction unless and until a plaintiff pleads sufficient facts to establish it." *Mocek*, 813 F.3d at 932 (internal quotation marks omitted). Here Ms. Keller's amended complaint, liberally construed, did not allege sufficient facts to establish jurisdiction for a claim arising under the Social Security Act. *Cf. Walden*, 840 F.2d at 775 (holding plaintiff complied with Rule 8(a)(1) in alleging sufficient facts to establish jurisdiction for an action arising under the Constitution). The district court did not abuse its discretion in dismissing Ms. Keller's amended complaint under Rule 41(b), without prejudice, for failing to comply with Rule 8(a)(1).

## III.   Conclusion

The district court's judgment is affirmed. Ms. Keller's application to proceed on appeal without prepayment of costs and fees is granted. Her motion to file a notarized copy of the 2010 ALJ decision is denied.

Entered for the Court

Allison H. Eid
Circuit Judge

6